IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2013

Lyle W. Cayce
Clerk

No. 12-50353
c/w No. 12-50373
c/w No. 12-50429
c/w No. 12-50430
c/w No. 12-50524

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

PEDRO ENRIQUE MONTEZ-SANCHEZ, also known as Pedro Sanchez,

Defendant - Appellant

Cons. w/No. 12-50373

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS CARLOS RODRIGUEZ-OLIVAS, also known as Luis Olivas,

Defendant - Appellant

Cons. w/No. 12-50429

UNITED STATES OF AMERICA,

Plaintiff - Appellee

No. 12-50353
c/w No. 12-50373
c/w No. 12-50429
c/w No. 12-50430
c/w No. 12-50524

v.

JOSE GUADAL QUINTANA-SEPULVEDA, also known as Jose Sepulveda,

Defendant - Appellant

Cons. w/No. 12-50430

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAVIER PRIETO GARZA, also known as Javier Garza,

Defendant - Appellant

Cons. w/No. 12-50524

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER MARQUEZ,

Defendant - Appellant

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:11-CR-385-3

No. 12-50353
c/w No. 12-50373
c/w No. 12-50429
c/w No. 12-50430
c/w No. 12-50524

USDC No. 7:11-CR-385-5
USDC No. 7:11-CR-385-4
USDC No. 7:11-CR-385-1
USDC No. 7:11-CR-385-2

Before DENNIS, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This consolidated case involves an appeal from the district court's denial of defendants' motions to suppress. For the following reasons, we AFFIRM.

FACTS AND PROCEEDINGS

On November 10, 2011, Border Patrol Agents David Collier and Carlos Ramirez were screening traffic on Interstate 20, just west of Odessa, Texas. After stopping to assist State Trooper Oscar Valles with an unrelated traffic stop, Collier noticed an eastbound Chevrolet Suburban with multiple male occupants, which closely resembled a smuggling vehicle apprehended nearby a few weeks earlier. Collier, Ramirez, and Valles ("the officers") followed the Suburban and pulled alongside. The officers observed that there were multiple adult male occupants lying on top of bulky objects in the cargo area. Collier activated his emergency lights and, after a period of time, activated his siren. Eventually the driver pulled to the shoulder, where he traveled at a slow speed for a period of time before coming to a momentary stop. The agents then parked in front of the Suburban and Trooper Valles pulled his car in behind.

As Collier and Ramirez got out to approach the Suburban, the driver immediately pulled away, almost hitting both agents. Valles, Collier, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50353
c/w No. 12-50373
c/w No. 12-50429
c/w No. 12-50430
c/w No. 12-50524

Ramirez pursued the Suburban, calling for assistance from other law enforcement officers. The driver led the officers on a "very erratic, very dangerous" chase, refusing to yield to the officers' sirens as he left the interstate and traveled at high speeds through residential neighborhoods and alleys, running stop signs, driving into oncoming traffic, and nearly causing several wrecks. The Suburban stopped briefly to allow four passengers to jump out and flee on foot before taking off again. The driver and the remaining passengers eventually bailed out of the moving vehicle and ran, allowing the Suburban to collide with a telephone pole. Officer Valles approached the Suburban with his gun drawn to ensure that there were no additional occupants, and observed that the floor of the cargo area was covered with backpacks containing what appeared to be (and was later confirmed as) marijuana.

The suspects ("defendants") were apprehended and charged by indictment with aiding and abetting the possession with intent to distribute, and knowingly possessing with intent to distribute, 100 kilograms or more of marijuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). The district court held a joint suppression hearing and denied defendants' motion to suppress the evidence obtained as a result of the traffic stop.

The district court held that the agents had reasonable suspicion to stop the vehicle or, in the alternative, that the evidence was admissible under the attenuation doctrine because the defendants' flight and their dangerous conduct during the subsequent chase broke the causal link with any potential illegality arising from the initial traffic stop. Each defendant then entered a conditional guilty plea, reserving his right to appeal the suppression issue. The defendants were sentenced to terms of imprisonment ranging from 30 to 70 months.

4

No. 12-50353
c/w No. 12-50373
c/w No. 12-50429
c/w No. 12-50430
c/w No. 12-50524

STANDARD OF REVIEW

On review of the denial of a motion to suppress, a district court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. United States v. Lopez-Moreno, 420 F.3d 420, 429 (5th Cir. 2005). In reviewing findings of fact, this court views the evidence in the light most favorable to the party prevailing below, id., which is the Government.

DISCUSSION

We need not consider whether the initial traffic stop was justified, because even if it was not, we hold that the evidence was admissible under the attenuation doctrine. "To warrant suppression . . . challenged evidence must have been obtained 'by exploitation of [the alleged] illegality' rather than 'by means sufficiently distinguishable to be purged of the primary taint." United States v. Ibarra-Sanchez, 199 F.3d 753, 761 (5th Cir. 1999) (quoting Wong Sun v. United States, 371 U.S. 471 (1963); see also Nardone v. United States, 308 U.S. 338, 341 (1939). Independent probable cause that develops after an illegal stop is "a critical factor attenuating the taint of the initial illegal arrest." United States v. Cherry, 794 F.2d 201, 206 (5th Cir. 1986).

The defendants not only fled from police custody, but in doing so almost ran down two Border Patrol agents who were standing in the way of the car. The ensuing chase resulted in the violation of several traffic laws and put both the officers and the public in danger. Furthermore, the defendants bailed out of the still-moving vehicle at various times, allowing the Suburban to collide with a telephone pole while Trooper Valles was close behind. By the time the Suburban collided with the pole, it was unclear whether there was anyone remaining in the vehicle and whether anyone remaining was armed. Trooper

No. 12-50353
c/w No. 12-50373
c/w No. 12-50429
c/w No. 12-50430
c/w No. 12-50524

Valles approached the vehicle (whose door was ajar) in an attempt to secure the surroundings which led to observation of the marijuana. This type of flight from custody, particularly when combined with other illegal activities and when it results in independent probable cause for arrest, is sufficient to demonstrate attenuation. See United States v. Nooks, 446 F.2d 1283, 1286-88 (5th Cir. 1971); Ibarra-Sanchez, 199 F.3d at 761-62.

In Nooks, we found attenuation on facts substantially similar to those at issue here. Although the appellant argued that his initial stop by the police was without sufficient justification, this court noted that:

> Much, however, intervened between that time and the search of the automobile, including the following: . . . Brown precipitately and forcibly attempted to escape from [police] custody and fled driving at speeds up to 115 m.p.h. . . . During that flight, he shot directly at Sheriff Dye . . . [and t]he presence of two other men in the trunk of the automobile was unmistakably revealed both visually and audibly.

446 F.2d at 1287-88. This court held that:

> Before the trunk of the automobile was opened it had become academic whether Brown's original arrest was lawful or not. Brown's description and his precipitate flight had furnished additional evidence to show probable cause for his arrest and for the search of the automobile. Further, Brown had committed another crime by shooting directly at Sheriff Dye. Under the circumstances known at the time of the actual search of the automobile, there can be no doubt as to the validity of that search. The nexus between that search and Brown's original arrest had been attenuated. The fruits of that search cannot realistically be treated as fruits of Brown's original arrest.

Id. at 1288.

No. 12-50353
c/w No. 12-50373
c/w No. 12-50429
c/w No. 12-50430
c/w No. 12-50524

The same rationale can be applied here.  Due to the escape from police custody, the reckless behavior exhibited by defendants toward police officers and citizens, and the fact that the marijuana was readily apparent from Trooper Valles's attempt to secure the scene, we hold that the nexus between the search and the original traffic stop was sufficiently attenuated that the fruits of the search cannot be treated as fruits of the original stop.  See United States v. Sheppard, 901 F.2d 1230, 1235-36 (5th Cir. 1990) (collecting cases).

## CONCLUSION

We AFFIRM the district court's denial of defendants' motions to suppress.